**STATE OF WEST VIRGINIA**

**FILED**

*In re* S.W.

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 19-0069** (Randolph County 2018-JA-051)

**MEMORANDUM DECISION**

Petitioner Mother C.W., by counsel Steven B. Nanners, appeals the Circuit Court of Randolph County's December 12, 2018, order terminating her parental rights to S.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Heather M. Weese, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion to continue the dispositional hearing.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner's assignment of error on appeal is set forth as follows: "Whether the Circuit Court of Randolph County, West Virginia[,] improperly terminated the parental rights of the [p]etitioner by proceeding to conduct a disposition hearing when the [p]etitioner sent word to the [c]ourt that she would be approximately fifteen (15) minutes late to the hearing." Although this assignment of error makes reference to error in the termination of her parental rights, her argument focuses solely on the circuit court's denial of her motion to continue the dispositional hearing. Because petitioner provides no argument in regard to the termination of her parental rights, this issue will not be addressed on appeal. *See* W. Va. R. App. Pro. 10(c)(7) ("The brief must contain an argument exhibiting clearly the points of fact and law presented . . . and citing the authorities relied on . . . . The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.").

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2018, the DHHR filed an abuse and neglect petition that alleged petitioner tested positive for methamphetamine upon admission to the hospital to give birth to the child. Petitioner previously tested positive for methamphetamine, amphetamine, and THC during the pregnancy and only had four prenatal care visits. Further, the DHHR alleged that petitioner had "no interest in the baby at all," had "not cared for the baby since" birth, and had not "even held the baby." Additionally, the child was born with certain issues that were "an early sign of fetal alcohol syndrome." Finally, the DHHR alleged that, following her release from the hospital, petitioner could not be reached at either phone number she provided. Thereafter, petitioner waived her preliminary hearing. Later in April of 2018, the circuit court ordered petitioner to submit to random drug screening.

At an adjudicatory hearing in May of 2018, petitioner stipulated to the allegation that her drug addiction negatively impacted her ability to parent the child. At the conclusion of the hearing, the circuit court ordered petitioner to immediately report for drug screening. Later that month, petitioner filed a motion for a post-adjudicatory improvement period.

In June of 2018, the circuit court held a dispositional hearing. Petitioner moved to continue the hearing because she was unable to attend. The circuit court granted the motion and rescheduled the hearing. Thereafter, petitioner filed two additional motions to continue, both of which were granted. During this period, the circuit court was notified that petitioner's supervised visitation with the child was suspended due to noncompliance.

The dispositional hearing finally took place in November of 2018. Petitioner was not present but was represented by counsel. After asking counsel about her absence, the circuit court delayed proceeding in regard to petitioner by taking up issues concerning the child's father. When the circuit court again took up the matter concerning petitioner, her counsel moved for yet another continuance of the dispositional hearing. The circuit court denied the motion and proceeded to disposition. During the hearing, an individual who administered petitioner's drug screens indicated that petitioner had been in the courthouse earlier that day to drug screen, but that there was confusion as to what time petitioner was to appear for the hearing. This individual informed petitioner that the hearing was scheduled for 1:30 p.m., despite the fact that the hearing began earlier in the morning. Upon being informed of this discrepancy in the scheduling of the hearing, the circuit court continued the matter until 1:30 p.m., at which time the dispositional hearing was reconvened. Petitioner had not appeared by that time, although she remained represented by counsel. The DHHR presented evidence of petitioner's noncompliance with services, including cancelling visits with the child and failing to drug screen as directed. Counsel for petitioner then informed the circuit court that his office contacted him and indicated that petitioner was "on her way" to the hearing. Counsel again moved to continue the dispositional hearing. This motion was denied. By that point, the circuit court had been informed that petitioner's drug screen earlier in the day was positive for THC. Ultimately, the circuit court denied petitioner's motion for an improvement period and terminated her parental rights. After announcing its decision, petitioner appeared and was informed of the outcome. Petitioner then asked if she could "sign [her] rights

away," indicating that the circuit court did not "have to terminate" her rights because she would agree to voluntarily relinquish them. The circuit court did not entertain this request. It is from the dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, the Court finds no error in the proceedings below.

Petitioner's lone assignment of error concerns the circuit court's denial of her final motion to continue the dispositional hearing due to her absence. Citing multiple statutes regarding a parent's right to attend the dispositional hearing, be heard in regard to the circuit court's decision, and present and cross-examine witnesses, petitioner argues that the denial of her motion constituted a violation of her due process rights. *See* W. Va. Code § 49-4-601(h) ("In any proceeding pursuant to this article, the party or parties having custodial or other parental rights or responsibilities to the child shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses."); *id*. at § 49-4-604(a) (requiring that, at disposition, a parent be given "an opportunity to be heard"). While petitioner is correct that these statutes confer upon a parent several rights regarding the dispositional hearing, we nonetheless find that the denial of the final motion to continue in this matter does not constitute a violation of petitioner's due process rights.

This Court has previously held that "[w]hether a party should be granted a continuance for fairness reasons is a matter left to the discretion of the circuit court, and a reviewing court plays a limited and restricted role in overseeing the circuit court's exercise of that discretion." *Tiffany Marie S.*, 196 W. Va. at 235, 470 S.E.2d at 189 (citing *State v. Judy*, 179 W. Va. 734, 372 S.E.2d 796 (1988)). Importantly, the record shows that the circuit court granted three of petitioner's motions to continue the dispositional hearing prior to the final dispositional hearing in November of 2018. At least one of these continuances was granted, in part, due to petitioner's absence at the

---

[3]According to respondents, the child's father is currently participating in an improvement period. The permanency plan for the child is reunification with the father, while the concurrent permanency plan is adoption in the current foster home.

3

hearing. Moreover, despite the fact that petitioner had been in the courthouse earlier in the day, she failed to appear on time in order to exercise her rights. Nonetheless, the circuit court made at least two accommodations during the hearing in order to secure petitioner's attendance; first, by addressing issues with the father's case before proceeding to petitioner's disposition, and, second, by granting a short continuance until 1:30 p.m., after discovering that this was when petitioner had been told to appear. The record shows, however, that petitioner did not arrive at the hearing until approximately 2:00 p.m., by which time the circuit court had essentially concluded the hearing. Simply put, the circuit court's decision to conduct the dispositional hearing in petitioner's absence does not amount to a deprivation of any of the rights conferred by the applicable statutes or rules. Petitioner was afforded an opportunity to be heard at disposition. However, she chose not to timely appear for the hearing to exercise these rights. As such, petitioner cannot establish an abuse of discretion in the denial of the motion to continue and, thus, is not entitled to relief on appeal.

Finally, because the matter concerning the father is ongoing in the circuit court, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home [cannot] be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child

is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 12, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 12, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison